## (April 16, 1973)

■ FELIX BLITZ et al., Appellants, v. NATIONAL HOSPITAL AND INSTITUTIONAL BUILDERS CORPORATION et al., Respondents. — In an action *inter alia* to recover damages for trespass and to compel removal of encroaching structures, plaintiffs appeal from an order of the Supreme Court, Richmond County, dated September 8, 1971, which denied their motion for summary judgment and granted summary judgment to defendants to the extent of directing a trial

" of the narrow issue " [of whether there was a trespass on plaintiffs' gores]. Order modified by striking therefrom the second and third decretal paragraphs and substituting therefor a provision denying defendants' cross application for summary judgment. As so modified, order affirmed, with a single bill of $20 costs and disbursements to appellants jointly against defendants appearing separately in the action. (Respondents neither appeared for argument nor submitted a brief on this appeal.) The verified pleadings raise an issue of fact as to ownership of the land allegedly trespassed upon. Plaintiffs allege they acquired the fee of the land in suit by deed from one Fink in 1969; and three of the defendants allege that by mesne conveyances the defendant Targee Care Center Corporation acquired the fee interest and easement of right of way in all the land which plaintiffs claim to own. Plaintiffs moved for summary judgment. To establish ownership, they submitted an affidavit of plaintiff Fernbach, in which it was averred that plaintiffs own the land in issue; and they also submitted a letter from a title company, stating that it found plaintiffs were the owners of the property. Defendants submitted an affidavit from a title officer of a different title company, stating in effect that defendants acquired title to the land in question when they purchased certain lots from the City of New York at a tax sale in 1964. Neither side submitted the deeds from their respective grantors. In our opinion the pleadings present a material issue of fact as to ownership of the property in suit and on the motion for summary judgment neither side produced competent proof to resolve the issue one way or the other. Accordingly, we find that on the record presented neither side is entitled to summary judgment. Although the order appealed from denies plaintiffs' motion for summary judgment, it grants by implication partial summary judgment in favor of defendants. This relief to defendants is eliminated by the modification herein directed. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.